CaRUTHERS, J.,
delivered the/opinion of the Court.
Vance sold to Hanna lot 230, in Memphis, and took his note for the purchase money, in 1847, reserving in the deed a lien. In 1849 Hanna sold and conveyed part of the lot to Antwine, who in 1853 .conveyed the same to Martha A., wife of "Walter Coleman, with authority to her, by joint deed with her husband, to dispose of the same. This power was exercised by her, with her husband, in 1854, by sale to complainant, Eletchor, for the consideration of f!750, with covenants of warranty. After this, the original vendor, Vance, filed a bill to enforce his lien for the purchase money. A decree was made in his favor, the whole lot sold and purchased by E. M. Yerger, as trustee for Mrs. Coleman, at $1,175. Defendants, Pitman and Taylor, became the sureties, in a note at seven months, for the amount of the bid. By an arrangement between the parties, the sureties were substituted as the buyers, and upon payment of the note obtained the title.
It is charged that they gave Mrs. Coleman a bonm of $1,000 for the privilege of substitution.
This bill is filed by Eletcher to assert his right to the title obtained by Mrs. Coleman at the Chancery sale, by way of enurement, as the title conveyed by her and her husband, to him, by their deed with warranty, in 1854, has thus failed. It is charged that the intervention of a trustee, and the' substitution of Pitman and Taylor," were all fraudulent contrivances to defeat the complainant in his right to the benefit of the title acquired by her, as the best bidder, at the Chancery sale.
*388 The demurrer to this hill was sustained, and we think correctly.
The wife was not liable on the warranty in the joint deed to Pletcher. It could only affect her by way of estoppel if she attempted to assert any title in opposition to the one thus warranted. It would not prohibit others from acting as trustees for her, and thereby securing her a benefit. She did not, in any view, by the facts stated, become invested with a title that could enure to others for any purpose. The incipient step by bidding off the property, had only been taken, and without having paid anything towards the consideration, the benefit passed to those who were bound as sureties for the bid, and they, by paying it, properly became invested with the title. That she obtained a bonus of $1,000 in the transaction, can make no difference whatever. The only ground upon which the complainant can go in this case, is 'that the best title was obtained by his vendor under this sale, and that it should, in equity, enure to him, in aid of the defective title before acquired from her. That principle is, certainly, correct when it applies. But no title ever accrued to her, or any one for her benefit, nor did she ever pay any thing for it. She preferred the $1,000 to getting the title by paying the $1,175. The true title then passed to Pitman and Taylor, and the complainant must rely upon his warranty for his loss.
It is also objected that the sale is not good under the Chancery decree as to the complainant, because he was not a party. That was not material. The vendor’s lien is fixed upon the land, and he can enforce it without making all who may have bought it from or under *389 his vendee, parties. He has only to do with the thing sold, and his debtor for the price. It is not necessary to incumber such cases with intervening purchasers, and, thereby, increase the burthen by an accuprdation of costs.
Affirm the decree.